Filed 1/21/14  P. v. Delaney CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B247762 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA093230) |
| v. | |
| STANLEY J. DELANEY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of the County of Los Angeles, Arthur Jean, Jr., Judge.  Affirmed.

Joanie P. Chen, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Susan Sullivan Pithey, Supervising Deputy Attorney General, Shawn McGahey Webb, Deputy Attorney General, for Plaintiff and Respondent.

## INTRODUCTION

A jury found defendant and appellant Stanley Delaney (defendant) guilty of attempted second degree robbery, assault with a deadly weapon, and mayhem. On appeal, defendant contends that the trial court committed reversible sentencing error when it doubled his eight-year base sentence on the mayhem conviction under the "Three Strikes" law based on a prior juvenile adjudication of a serious or violent felony. According to defendant, the doubled sentence based on his prior juvenile adjudication violated his federal constitutional right to a jury trial because the juvenile adjudication was not tried by a jury.

Because defendant's sentencing contention is directly contrary to the California Supreme Court's decision in *People v. Nguyen* (2009) 46 Cal.4th 1007, we must reject defendant's claim of sentencing error. We therefore affirm the judgment of conviction.

## FACTUAL BACKGROUND[1]

On July 28, 2012, at approximately 10:30 p.m., defendant grabbed the victim as she walked to her car and held a knife to her neck. When defendant demanded money, the victim told him her purse was in her car. Defendant pushed the victim through the driver's side door into the passenger side of her car and demanded to know the location of her purse. The victim was able to open the car door and run to safety. During the incident, defendant slashed the victim's face causing a wound that required 30 stitches to close.

---

[1] Because defendant's appeal raises only a single issue of sentencing error, we briefly summarize the factual basis for his convictions.

## PROCEDURAL BACKGROUND

Following trial, the jury found defendant guilty of attempted second degree robbery in violation of Penal Code sections 664 and 211,[2] assault with a deadly weapon in violation of section 245, subdivision (a)(1), and mayhem in violation of section 203. The jury found true the allegations that defendant inflicted great bodily injury on the victim within the meaning of section 12022.7, subdivision (a) and personally used a deadly weapon within the meaning of section 12022, subdivision (b)(1).

At the sentencing hearing, defendant admitted the allegation that he had suffered a prior juvenile adjudication of a violent or serious felony within the meaning of sections 667, subdivisions (b) through (i) and 1170.12, subdivisions (a) through (d). The trial court sentenced defendant to an aggregate prison term of 18 years and four months comprised of the following: a base term of eight years on the mayhem conviction, doubled to 16 years pursuant to the prior juvenile strike adjudication, and a consecutive term of eight months on the attempted robbery conviction, doubled to 16 months based on the prior juvenile strike adjudication, plus an additional, consecutive one-year term based on the firearms enhancement. The trial court also imposed but stayed an 11-year term on the assault conviction.

## DISCUSSION

Defendant contends that the imposition of an additional term on his mayhem conviction based on his prior juvenile strike adjudication violated his federal constitutional right to trial by jury because the juvenile adjudication was not tried by a jury. But defendant also concedes that his sentencing contention is contrary to the holding in *People v. Nguyen, supra,* 46 Cal.4th at pp. 1014-1018, and that we are bound

---

[2] All further statutory references are to the Penal Code, unless otherwise indicated.

to follow that decision under *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450.

Given defendant's concession that we are bound to follow *People v. Nguyen, supra,* 46 Cal.4th 1007, we reject his claim of sentencing error and affirm his judgment of conviction.

## DISPOSITION

The judgment of conviction is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

MOSK, J.

We concur:

TURNER, P. J.

KRIEGLER, J.